**No. 24-13530-G**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

AUTO-OWNERS INSURANCE COMPANY AND OWNERS INSURANCE
COMPANY,

Plaintiffs-Appellees

v.

BENJAMIN HUGH JOHNSON AND MARGARET LILES JOHNSON,

Defendants-Appellants

On Appeal from the United States District Court for the
Northern District of Georgia
3:23-cv-00179-TCB
Hon. Timothy C. Batten, Sr.

**APPELLANTS' OPENING BRIEF**

Respectfully Submitted By:    Charles S. Conerly
                              Georgia Bar No. 180720
                              SMITH CONERLY LLP
                              402 Newnan Street
                              Carrollton, Georgia 30117
                              Tel: (770) 834-1160
                              cconerly@smithconerly.com
                              Counsel to Defendants-Appellants Benjamin
                              Hugh Johnson and Margaret Liles Johnson

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to FRAP 26.1, 26.1-2, and 26.1-3, Defendants-Appellants submitted their Certificate of Interested Persons and Corporate Disclosure Statement ("CIP") on November 14, 2024 [DOC 4], and Plaintiffs-Appellees filed their CIP on November 25, 2024 [DOC 10]. These CIPs include the names of the respective judges in the Superior Court of Carroll County, Georgia and in the United States District Court for the Northern District of Georgia and the persons, associations of persons, firms, partnerships, or corporations having an interest in the outcome of this matter.

Defendants-Appellants certify that below is the Defendants-Appellants' initial CIP submitted on November 14, 2024 [DOC 4]:

In alphabetical order, the following is a complete list of interested trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations having an interest in the outcome of this matter:

1. Blackmon, Dennis T., The Honorable - Coweta Circuit of the 6th Superior Court District of Georgia;

2. Batten, Sr., Timothy C., The Honorable - Chief United States District Judge;

3. Auto-Owners Insurance Company - Appellee;

4. Owners Insurance Company - Appellee;

C-1 of 2

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

5.    Disinger, Nancy K. – Dismissed Defendant;

6.    Disinger, Roland T. - Dismissed Defendant;

7.    Kahren, Melissa K., Counsel for Appellees;

8.    Johnson, Margaret Liles - Appellant;

9.    Johnson, Sr., Benjamin Hugh - Appellant; and

10.    Conerly, Charles S., Counsel for Appellants.

Defendants-Appellants additionally certify to the best of their knowledge, that no publicly traded company or corporation has an interest in the outcome of this appeal.

Defendants-Appellants believe to the best of their knowledge that the filed Certificate of Interested Persons and Corporate Disclosure Statements from Defendants-Appellants and Plaintiffs-Appellees are correct and complete.

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

## APPELLANTS' STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellants do not request oral argument.

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE

STATEMENT .................................................................................................C-1

APPELLANTS' STATEMENT REGARDING ORAL ARGUMENT .................... i

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iii

JURISDICTIONAL STATEMENT ......................................................................v

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

CONCISE STATEMENT OF THE CASE ...........................................................2

   A.  Statement of the Facts ............................................................................ 3

SUMMARY OF THE ARGUMENT ....................................................................6

ARGUMENT .......................................................................................................7

   A.  Because this case was not ripe for review, the district court erred in denying Defendants-Appellants' motion to dismiss and in awarding summary judgment to Plaintiffs-Appellees.......................................................................................... 7

   B.  The district court erred in denying Defendants-Appellants' motion to dismiss for the alternative reason that the amount in controversy does not exceed the threshold requirement for diversity of citizenship under 28 U.S.C. § 1332............ 10

CONCLUSION ....................................................................................................14

CERTIFICATE OF COMPLIANCE ...................................................................15

CERTIFICATE OF SERVICE ...........................................................................16

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## TABLE OF AUTHORITIES[1]

Cases

*Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)_____6

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)_____10

*Artzner v. A. & A. Exterminators*, 242 Ga. App. 766, 772 (2000) _____12

*Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) _____10

*Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009) _____13

*Commodity Futures Trading Comm'n v. Madison Forex Int'l, LLC*, 2006 WL 8432485, *1 (S.D. Fla. July 20, 2006) _____10

*Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)(quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977))_____ _____11

*Evanston Ins. Co. v. Gaddis Corp.*, 145 F.Supp.3d 1140, 1153 (S.D. Fla. 2015) _____8

*Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) _____11

*Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1514–15 (M.D. Ala. 1996) _____8

*Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990)._____7

*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977) _____11

*Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960))* _____ 6, 7, 8, 9

*Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F.Supp.3d 1302, 1306 (M.D. Fla. 2017)_____8

---

[1] Pursuant to Eleventh Circuit Court of Appeals Rule 28-1(e), the use of asterisks following the page number identifies citations upon which Appellants primarily rely.

iii

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

*Nationwide Ins. V. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) _____ 8

*Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F.Supp.2d 1367, 1372–73 (N.D. Ga. 2009) _____ 8

*Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D. FLA. 2001) _____ 8

*Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) _____ 10

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)_ 10

*Vasquez Monroy v. Dep't of Homeland Sec.*, 396 F. Supp. 3d 1206 (S.D. Fla. 2019) – nor the case it quotes – *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009) _____ 13

*Warthen v. Litton Loan Servicing LP*, 2012WL4075629, *6 (N.D.Ga. Mar. 26, 2012) _____ 12

## Statues

28 U.S.C. § 1332 _____ 1, 2, 4, 6, 10
O.C.G.A. 51-12-5.1(b) _____ 12
O.C.G.A. 51.12.5.1(d)_____ 12

## Other Authorities

Fed.R.Civ.P. 12(b)(1) _____ 12

Fed.R.Civ.P. 56(a) _____ 7

iv

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

## JURISDICTIONAL STATEMENT

The basis for the district court's jurisdiction in this matter was diversity of citizenship pursuant to 28 U.S.C. § 1332.  As set forth below, Defendants-Appellants dispute that the amount in controversy exceeds $75,000.00, and Defendants-Appellants moved to dismiss this matter for lack of subject matter jurisdiction.

The district court entered a final order in this matter on September 27, 2024, awarding summary judgment to Plaintiffs-Appellees and denying Defendants-Appellants' motion to dismiss.  Defendants-Appellants timely filed their notice of appeal on October 23, 2024. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**1.**    Whether the district court erred in denying Defendants-Appellants' motion to dismiss (and in granting Plaintiffs-Appellees' motion for summary judgment), because the case was not ripe for review.

**2.**    Whether the district court erred in denying Defendants-Appellants' motion to dismiss, because the amount in controversy does not exceed the threshold requirement for diversity of citizenship under 28 U.S.C. § 1332.

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## CONCISE STATEMENT OF THE CASE

This matter began when non-parties Roland T. Disinger and Nancy K. Disinger (collectively, the "Disingers") filed suit against Defendants-Appellants in the Superior Court of Carroll County, Georgia (hereinafter the "Underlying Lawsuit") over a brush pile on the Disingers' property – the cost of which to remove was estimated to be $2,000.00.  Plaintiffs-Appellees insure Defendants-Appellants, and starting in June, 2023, Plaintiffs-Appellees began providing a defense to Defendants-Appellants under the applicable insurance policies.  Complaint for Declaratory Judgment (Tab 1 at ¶ 71).[2]

Nearly three months later, Plaintiffs-Appellees filed this declaratory judgment action – in federal court – seeking an insurance coverage determination over liability for the brush pile, which, again, is estimated to take $2,000.00 to remove.  See, generally, Complaint for Declaratory Judgment (Tab 1).  Jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332,[3] and Defendants-Appellants moved to dismiss this action for lack of subject matter jurisdiction, because the $75,000.00 amount in controversy requirement was not met.  Defendants Benjamin Hugh Johnson and Margaret Liles Johnson's Motion to Dismiss for Lack

---

[2] References to "Tab __" are references to the documents to be included in Defendants-Appellants Appendix, which will be filed on or before January 9, 2025.

[3] Complaint for Declaratory Judgment (Tab 1 at ¶ 10).

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

of Subject Matter Jurisdiction and Memorandum of Law in Support Thereof (hereinafter "Defendants-Appellants' <u>Motion to Dismiss</u>") (Tab 5).

While Defendants-Appellants' <u>Motion to Dismiss</u> was pending, Plaintiffs-Appellees filed a motion for summary judgment on the insurance coverage question. <u>Plaintiffs' Motion for Summary Judgment</u> (hereinafter "Plaintiffs-Appellees' <u>MSJ</u>") (Tab 7).  While Plaintiffs-Appellees' <u>MSJ</u> was pending and prior to the district court's ruling on the motion, the Disingers dismissed the Underlying Lawsuit, which should have rendered this entire case moot.  Indeed, Defendants-Appellants notified the district court of the dismissal of the Underlying Lawsuit,[4] providing further support for Defendants-Appellants' <u>Motion to Dismiss</u>.

Nevertheless, in a final order in this matter dated September 27, 2024, the district court awarded summary judgment to Plaintiffs-Appellees and denied Defendants-Appellants' <u>Motion to Dismiss</u> (Tab 9).

### A.    Statement of the Facts

Again, this case is literally about a brush pile the Disingers claim Defendants-Appellants placed on their property.[5]  Prior to Plaintiffs-Appellees filing this declaratory judgment action, the Disingers obtained an estimate to remove the brush pile for $2,000.00.  Defendants-Appellants' <u>Motion to Dismiss</u>, Ex. A (Tab 6).

---

[4]<u>See</u> Defendants-Appellants' <u>Notice of Dismissal of Underlying Case</u> (Tab 8).
[5] The Disingers were originally named as defendants in this action but were subsequently dismissed without prejudice (Tab 4).

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

On or about September 19, 2023, Plaintiffs-Appellees commenced this action by filing their Complaint for Declaratory Judgment (Tab 1). According to Plaintiffs-Appellees, the Defendants-Appellants have a liability insurance policy with Plaintiff-Appellee Auto-Owners Insurance Company, under which Defendants-Appellants sought coverage relating the Underlying Lawsuit. Complaint for Declaratory Judgment (Tab 1 at ¶¶ 6-7 and 12)(Tab 2). In the Underlying Lawsuit, the Disingers sought: (i) an injunction to remove the brush pile; (ii) damages for nuisance, negligence, trespass, and conversion of trees; (iii) punitive damages; and (iv) attorney's fees and expenses of litigation. Complaint for Declaratory Judgment (Tab 1 at ¶ 14)(Tab 2). Again, the estimated cost for removing the brush pile was only $2,000.00. Defendants-Appellants' Motion to Dismiss, Ex. A (Tab 6).

Jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332,[6] and Defendants-Appellants moved to dismiss this action for lack of subject matter jurisdiction, because the $75,000.00 amount in controversy requirement was not met. See, generally, Defendants-Appellants' Motion to Dismiss (Tab 5). While Defendants-Appellants' Motion to Dismiss was pending, Plaintiffs-Appellees filed a motion for summary judgment on the insurance coverage question. See, generally Plaintiffs-Appellees' MSJ (Tab 7).

While Plaintiffs-Appellees' MSJ was pending and prior to the district court's

---

[6] Complaint for Declaratory Judgment (Tab 1 at ¶ 10).

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

ruling on the motion, the Disingers dismissed the Underlying Lawsuit, which should have rendered this entire case moot.  Indeed, Defendants-Appellants notified the district court of the dismissal of the Underlying Lawsuit,[7] providing further support for Defendants-Appellants' Motion to Dismiss.

Nevertheless, in a final order dated September 27, 2024, the district court awarded summary judgment to Plaintiffs-Appellees and denied Defendants-Appellants' Motion to Dismiss.[8] (Tab 9).

---

[7] See Defendants-Appellants' Notice of Dismissal of Underlying Case (Tab 8).
[8]  Three days prior to the district court rendering its decision, the Disingers filed a new lawsuit in the Superior Court of Carroll County, Georgia on September 24, 2024.  Among other things, this new lawsuit alleged new facts that occurred after the Disingers filed the Underlying Lawsuit.  Notably, Plaintiffs-Appellees were promptly notified of the new lawsuit and are providing Defendants-Appellants with a defense in the new lawsuit.

5

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## SUMMARY OF THE ARGUMENT

The law in this Circuit is clear: declaratory judgment actions vis-à-vis an insurer's duty to indemnify and defend are "not ripe until the insured's liability [is] established because the issue 'might never arise.'" *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). In the instant action, not only has Defendants-Appellants' liability not been established, but **during the pendency of this case, the Underlying Lawsuit was dismissed!** Thus, this case was not ripe for the district court's consideration, and this case should have been dismissed. It was error for the district court not to do so, and it was further error for the district court to award summary judgment to Plaintiffs-Appellees on the coverage issue.

The case also should have been dismissed due to lack of subject matter jurisdiction, because the amount in controversy does not exceed the threshold requirement for diversity of citizenship under 28 U.S.C. § 1332.

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## ARGUMENT

A.   Because this case was not ripe for review, the district court erred in denying Defendants-Appellants' motion to dismiss and in awarding summary judgment to Plaintiffs-Appellees.

Summary judgment should not be granted, unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). And when ruling on a motion for summary judgment, "[t]he court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor." *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). Here, Plaintiffs-Appellees seek summary judgment on their claim for declaratory relief as to a coverage determination under an insurance policy. Specifically, Plaintiffs-Appellees asked the district court to declare as a matter of law that the insurance policy at issue does not cover the Disingers' claims vis-à-vis a $2,000.00 brush pile.

However, the law in this Circuit is clear that declaratory judgment actions vis-à-vis an insurer's duty to indemnify and defend are "not ripe until the insured's liability [is] established because the issue 'might never arise.'" *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). Notably, the procedural posture of *Mid-Continent Cas. Co.* is precisely the same as the instant action:

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

Mid-Continent Casualty Company filed a complaint for declaratory relief as to whether it had a duty to indemnify one of its insureds in a pending lawsuit. The district court dismissed the complaint without prejudice, reasoning that MCC's duty to indemnify was not ripe for adjudication until the underlying lawsuit was resolved. Because MCC's duty to indemnify depends on the resolution of the underlying suit, we affirm.

766 F. App'x at 769.

Not only is *Mid-Continent Cas. Co.* binding authority on the district court, but in its decision, this Court also noted a number of similar decisions by district courts throughout the Eleventh Circuit:

As the district court noted in its order, many district courts in this circuit have ruled that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established. *See Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F.Supp.3d 1302, 1306 (M.D. Fla. 2017) ; *Evanston Ins. Co. v. Gaddis Corp.*, 145 F.Supp.3d 1140, 1153 (S.D. Fla. 2015) ; *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F.Supp.2d 1367, 1372–73 (N.D. Ga. 2009); *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D. FLA. 2001); *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1514–15 (M.D. Ala. 1996). Our fellow circuit courts have applied the same rule. *See, e.g.*, *Nationwide Ins. V. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

766 F. App'x at 769.  And, of course, the same logic applies to an insurer's duty to defend, because "the duty to defend is broader than the duty to indemnify." *Id.* at 771.

Importantly, this case involves an additional fact that was not present in *Mid-Continent Cas. Co.*, which provides further support for dismissal, to wit: during the pendency of this action, the Underlying Lawsuit was dismissed!  And if an insurer's

8

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

duty cannot be determined while an underlying lawsuit is still pending, then by logical extension, the insurer's duty cannot be determined when the underlying lawsuit has been dismissed. Accordingly, it was error for the district court to deny Defendants-Appellants' Motion to Dismiss and to grant Plaintiffs-Appellees' MSJ.

The district court acknowledged that *Mid-Continent Cas. Co.* is binding precedent in this Circuit. See Order, p. 9 (Tab 9). But the district court then drew a distinction between the "duty to indemnify" and the "duty to defend," and citing several decisions by other district courts in this Circuit, the district court found that it could determine "whether an insurer has the duty to defend . . . **while the underlying lawsuit is still pending**." Id. (emphasis added). Respectfully, Defendants-Appellants dispute that this Court's decision in *Mid-Continent Cas. Co.* supports such a proposition.[9] But perhaps more importantly, the very premise for the district court's analysis (i.e., that the underlying case is still pending) is incorrect. Again, the Underlying Lawsuit was dismissed and was no longer pending when the district court rendered its decision. And to paraphrase Robert Frost, "that [makes] all the difference."[10] Robert Frost, *The Road Not Taken* (1915).

---

[9] Again, in *Mid-Continent Cas. Co.,* this Court noted that "the duty to defend is broader than the duty to indemnify (766 F. App'x at 771), and if so, it only makes sense that – like the "duty to indemnify" – an insurer's "duty to defend" cannot be resolved while the underlying lawsuit is pending.

[10] With no citation to authority, the district court summarily states that "[t]he fact that the underlying suit has now been dismissed without prejudice does not change

9

*Auto-Owners Insurance Company, et al., v.  Benjamin Johnson*, et al., *24-13530-G*

B.    The district court erred in denying Defendants-Appellants' motion to dismiss for the alternative reason that the amount in controversy does not exceed the threshold requirement for diversity of citizenship under 28 U.S.C. § 1332.

Of course, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Subject matter jurisdiction in this case is based on diversity of citizenship.  Complaint for Declaratory Judgment (Tab 1 at ¶10).  To have subject matter jurisdiction based on diversity of citizenship, there must be complete diversity among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  And a party, or the Court on its own initiative, can challenge whether the court has subject matter jurisdiction, at any time, under Fed.R.Civ.P. 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Commodity Futures Trading Comm'n v. Madison Forex Int'l, LLC*, 2006 WL 8432485, *1 (S.D. Fla. July 20, 2006) ("The court must dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of how far the case has progressed.").  Finally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Here, Plaintiffs-Appellees seek only declaratory relief in their Complaint for

---

this analysis." See Order, p. 9 n. 5 (Tab 9).  Defendants-Appellants respectfully disagree.

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

Declaratory Judgment, to wit: whether there is insurance coverage available to the Defendants-Appellants under the insurance policy at issue as it relates to the Disingers' claims. And when a party only seeks declaratory relief, "'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)(quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977)). To the extent that the "object of the litigation" is the removal of the brush pile at issue, that "value" is approximately $2,000.00.

Admittedly, the Disingers were also seeking indeterminate damages in the Underlying Lawsuit (which lawsuit, of course, has now been dismissed). See Complaint for Declaratory Judgment, Ex. 1 (p. 13 within the exhibit) (Tab 2) (The Disingers seek "punitive and compensatory damages in amounts to be proven at trial and determined by a jury."). But "where jurisdiction is based on a claim for indeterminate damages . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Respectfully, Plaintiffs-Appellees have not and cannot carry this burden.

First, the monetary value to the Plaintiffs-Appellees in this case is uniquely

11

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

and directly dependent on a determination of the amount of damages, if any, to the Disingers in the Underlying Lawsuit. That lawsuit has now been dismissed, and neither the Defendants-Appellants' liability nor the damages to the Disingers have been determined. Further, any liability determination would be within the discretion of the trier of fact – the jury. Plaintiffs-Appellees cannot in good faith assert that the value of the Underlying Lawsuit (even if still pending) is in excess of $75,000, because they cannot predict the decision of the jury. Because of this, there is no specific value to this litigation, and Plaintiffs-Appellees cannot carry their burden.

Similarly, the Disingers' claim for punitive damages will not even be considered until liability for the other claims is determined. Under Georgia law, a claim for punitive damages is derivative of those underlying claims. *Warthen v. Litton Loan Servicing LP*, 2012WL4075629, *6 (N.D.Ga. Mar. 26, 2012). Further, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. 51-12-5.1(b). And the imposition of punitive damages is a jury issue. *See Artzner v. A. & A. Exterminators*, 242 Ga. App. 766, 772 (2000). Indeed, Georgia law requires the issue of punitive damages to be bifurcated. O.C.G.A. 51-12-5.1(d). Thus, there is no way for Plaintiffs-Appellees to assert with any certainty, or in good faith, that

12

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

an award of punitive damages will be added to the value of the litigation from their perspective.

Finally, Plaintiffs-Appellees' assertion that the amount in controversy requirement is met in this matter is based solely on *anticipated* costs of defense.  See, e.g., Complaint for Declaratory Judgment, Ex. 4 (¶ 4 within the exhibit) (Tab 3) (Plaintiffs-Appellees "reasonably expect[ ] to incur over $82,000 to defend the Johnsons.")  But this is nothing more than speculation at this point and is certainly insufficient to meet Plaintiffs-Appellees' burden to show subject matter jurisdiction in this case.

Notably, the district court barely even addressed the jurisdiction issue, and its discussion of that issue is limited to a single footnote.[11]  See Order, p. 4 n. 3 (Tab 9). And the only "evidence" cited by the district court to support its determination that the amount in controversy requirement is satisfied is deposition testimony from Mr. Disinger in the Underlying Lawsuit as to what he had spent in the way of attorney's fees, consultant fees, etc. in the Underlying Lawsuit.  See Order, p. 4 n. 3 (Tab 9). This analysis is flawed in several respects.  First, it has not been demonstrated that Mr. Disinger would be entitled to recover such fees and costs in the Underlying

---

[11] In fact, neither the first case cited by the district court – *Vasquez Monroy v. Dep't of Homeland Sec.*, 396 F. Supp. 3d 1206 (S.D. Fla. 2019) – nor the case it quotes – *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009) – involve jurisdiction based on diversity of citizenship.

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

Lawsuit; indeed, the Underlying Lawsuit is no longer even pending. And second, even if Mr. Disinger were to someday recover such fees and costs, it has not been demonstrated that Plaintiffs-Appellees (as insurers) would be obligated to pay them. There could be, for example, other exclusions in the insurance policies for such fees and costs, depending on the legal basis for the Disingers' recovery of such fees and costs. This is another reason why this Circuit requires the underlying litigation to be resolved before a coverage determination can be made.

## CONCLUSION

Because Plaintiffs-Appellees' request for declaratory relief is not ripe for review, the district court should have denied Plaintiffs-Appellees' motion for summary judgment and dismissed this matter without prejudice. Similarly, the district court should have granted Defendants-Appellants' motion to dismiss for lack of subject matter jurisdiction.

This 2nd day of January, 2025.

SMITH CONERLY LLP

/s/ Charles S. Conerly
Charles S. Conerly
Georgia Bar No. 180720
402 Newnan Street
Carrollton, Georgia 30117
Tel: (770) 834-1160
cconerly@smithconerly.com
Counsel to Defendants-Appellants Benjamin
Hugh Johnson and Margaret Liles Johnson

14

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B), excluding the parts of the document exempted by Fed R. App. P. 32(f), and the total word count, as determined by the word processing system used, is 4,280 words.

Counsel further certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

SMITH CONERLY LLP

/s/ Charles S. Conerly
Charles S. Conerly
Georgia Bar No. 180720
402 Newnan Street
Carrollton, Georgia 30117
Tel: (770) 834-1160
cconerly@smithconerly.com
Counsel to Defendants-Appellants Benjamin Hugh Johnson and Margaret Liles Johnson

15

*Auto-Owners Insurance Company, et al., v. Benjamin Johnson*, et al., *24-13530-G*

## CERTIFICATE OF SERVICE

This shall certify that the foregoing **APPELLANTS' OPENING BRIEF** has

been electronically filed with the Clerk of the United States Court of Appeals for the

Eleventh Circuit using the Court's CM/ECF system.  The Court's CM/ECF system

will accomplish service on the following persons:

Melissa K. Kahren
SWIFT, CURRIE, McGHEE & HIERS
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
melissa.kahren@swiftcurrie.com

This 2nd day of January, 2025.

SMITH CONERLY LLP

/s/ Charles S. Conerly
Charles S. Conerly
Georgia Bar No. 180720
402 Newnan Street
Carrollton, Georgia 30117
Tel: (770) 834-1160
cconerly@smithconerly.com
Counsel to Defendants-Appellants Benjamin
Hugh Johnson and Margaret Liles Johnson

16